IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| LILLIAN EDWARDS, as | ) | |
| Administratrix of the | ) | |
| the Estate of Marvin | ) | |
| Mays, deceased, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|    v. | ) | 2:06cv86-MHT |
| | ) | (WO) |
| TMA FOREST PRODUCTS | ) | |
| GROUP, etc., et al., | ) | |
| | ) | |
|    Defendants. | ) | |

ORDER

The allegations of the plaintiff's complaint are insufficient to invoke this court's diversity-of-citizenship jurisdiction. The allegations must show that the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332.

The plaintiff's complaint fails to meet this standard. The plaintiff has sued in her capacity as personal representative for the estate of the decedent.

"[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent ...." 28 U.S.C. § 1332(c)(2). Because the complaint sets forth only the citizenship of the personal representative and not that of the decedent, the complaint does not adequately establish the ground for this court to assume jurisdiction of this matter.

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until February 21, 2006 to amend the complaint to allege jurisdiction sufficiently; otherwise this lawsuit shall be dismissed without prejudice.

DONE, this the 8th day of February, 2006.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE