## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| LILLIAN EDWARDS, as Administratrix of the Estate of MARVIN MAYS, deceased, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:06-cv-86-WKW-SRW |
| | ) | |
| PACTIV CORPORATION and LOUISIANA-PACIFIC CORPORATION, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

### DEFENDANT LOUISIANA-PACIFIC CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT

Pursuant to Fed. R. Civ. P. 12(b), 12(e), and 7(b), Defendant Louisiana-Pacific Corporation ("Louisiana-Pacific") submits this Memorandum of Law in Support of its "Motion to Dismiss, Or, In the Alternative, For More Definite Statement," filed concurrently herewith. Louisiana-Pacific respectfully requests that this Court dismiss the First Amended Complaint in its entirety because it does not establish that Plaintiff brought this wrongful death action within two years of Decedent's death. Thus, as pled, the entire First Amended Complaint fails to state a claim upon which relief may be granted.

Even if this Court does not dismiss the First Amended Complaint in its entirety, Rule 12(b)(6) nonetheless requires this Court to dismiss Counts One through Eight because Plaintiff cannot assert these tort claims in a wrongful death action. Because Decedent died without filing suit, the only cause of action available to Plaintiff, as representative of Decedent's estate, is a claim under Alabama's Wrongful Death Act. Counts One through Eight must therefore be dismissed.

Louisiana-Pacific also respectfully requests that this Court dismiss Counts One, Three, Six, Seven, Eight, and Nine because the statute of limitations period applicable to those claims has long expired. Each of these causes of action therefore fails to state a claim upon which relief may be granted.

Rule 12(b)(6) further requires this Court to dismiss Counts Three, Five, Six, Seven, Nine and Ten because they each fail to state a claim for the additional reasons set forth below.

Alternatively, Counts Three, Six, and Nine are so vague, incomplete, and fragmentary that Louisiana-Pacific cannot reasonably frame a response to Plaintiff's allegations. If these Counts are not dismissed under Rule 12(b)(6), this Court should order Plaintiff to provide a more definite statement of her claims for the reasons described below.

Additionally, to the extent any count is not dismissed, this Court should require Plaintiff to provide a more definite statement of the times, places, and circumstances of Decedent's alleged chemical exposures and the injuries that allegedly resulted. As pled, the First Amended Complaint does not give Louisiana-Pacific fair notice of the basis for Plaintiff's claims.

## BACKGROUND

This is one of ten related lawsuits before this Court stemming from operations at a former wood treatment facility in Lockhart, Alabama (the "Facility").[1]  Plaintiff claims that Defendant Pactiv Corporation ("Pactiv") owned and operated the Facility from March 1979

---

[1] *Chambers v. Pactiv Corp., et al.*, Civ. No. 2:06-cv-00083-WKW; *Phillips v. Pactiv Corp.*, Civ. No. 2:06-cv-00084-WKW; *Thompson v. Pactiv Corp.*, Civ. No. 2:06-cv-00085-WKW; *Edwards v. Pactiv Corp.*, Civ. No. 2:06-cv-00086-WKW; *Madden v. TMA Forest Prod. Group, et al.,* Civ. No. 2:06-cv-00186-WKW; *Davis v. TMA Forest Prod. Group, et al.,* Civ. No. 2:06-cv-00187-ID; *Douglas v. TMA Forest Prod. Group, et al.,* Civ. No. 2:06-cv-00188-WKW; *Thompson v. TMA Forest Prod. Group, et al.,* Civ. No. 2:06-cv-00189-WKW; *Kelley v. v. TMA Forest Prod. Group, et al.,* Civ. No. 2:06-cv-00190-WKW; and *Cravey v. TMA Forest Prod. Group, et al.,* Civ. No. 2:06-cv-00191-DRB.

until November 1983. First Amended Complaint ("FAC") ¶ 10, 40.  Louisiana-Pacific acquired the Lockhart Facility in November 1983. FAC, ¶ 40.  Although Plaintiff avoids reference to the Facility closure, this Court should take judicial notice that Louisiana-Pacific discontinued Facility operations no later than 1999. *See* Ex. A.[2]

Plaintiff generally asserts that Defendants released various chemicals from the Facility through multiple pathways at unspecified times. FAC, ¶ 6.  Although the First Amended Complaint provides no details, Decedent allegedly resided in the Lockhart and/or Florala community "for most of his life." FAC, ¶ 8.  Plaintiff claims that Decedent's presence at "homes in various locations in the Florala/Lockhart area caused him to be exposed" to chemicals from the Facility. FAC, ¶ 91.  These exposures allegedly resulted in Decedent's death from unspecified injuries and/or diseases at an unspecified date. FAC, ¶ 92.

Based on these minimal allegations, Plaintiff asserts ten causes of action against Louisiana-Pacific: Negligence (Count One); Recklessness (Count Two); Negligence *Per Se* (Count Three); "Intentional Tort" (Count Four); Trespass (Count Five); Conspiracy (Count Six); "Products Liability" (Count Seven); Failure to Warn (Count Eight); "Spoliation" (Count Nine); and "Homicide" (Count Ten).

## PROCEDURAL POSTURE AND STANDARDS OF REVIEW

Plaintiff filed her original Complaint on January 30, 2006 and a First Amended Complaint on February 21, 2006.  The Federal Rules of Procedure govern procedure in this case.

---

[2] District courts may take judicial notice of relevant public documents in considering a motion to dismiss.  *Carroll v. Conecuh County, Ala.,* No. Civ.A. 04-0342-P-M, 2005 WL 1027243, at *7 n.1 (S.D. Ala. April 15, 2005)(quoting *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).  Exhibit A, which contains publicly-available documents, reflects the Alabama Department of Environmental Management's knowledge that Facility operations ceased by 1999 (at the latest).

### A.    Motions to Dismiss under Rule 12(b)(6).

Under Fed. R. Civ. P. 12(b)(6), motions to dismiss must be granted where Plaintiff "can prove no set of facts in support of [a] claim which would entitle [Plaintiff] to relief." *Jones v. Phyfer*, 761 F.2d 642, 644 (11th Cir. 1985)(quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). This Court must therefore dismiss all causes of action that Alabama law does not recognize, *see, e.g., Official Comm. of Unsecured Creditors of PSA, Inc. v. Edwards*, No. 05-12320, 2006 WL 212219, at *11 (11th Cir. Jan. 30, 2006), and all causes of action for which Plaintiff fails to allege the necessary legal elements. *See, e.g., Lotierzo v. Woman's World Med. Ctr., Inc.*, 278 F.3d 1180, 1182 (11th Cir. 2002).

### B.    Motions for More Definite Statement Under Rule 12(e).

Under Fed. R. Civ. P. 12(e), a motion for a more definite statement should be granted whenever "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."    In the Eleventh Circuit, Plaintiffs must plead their claims with clarity and precision. *See, e.g., Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 365 (11th Cir. 1996). This Circuit particularly disfavors "shotgun" complaints, i.e. those relying on generalized allegations rather than pleading specific facts to support each cause of action. *See, e.g., id.* at 366.

## ARGUMENT AND CITATION OF AUTHORITY

**I.    This Court Should Dismiss the First Amended Complaint Because Plaintiff Does Not Show That Her "Wrongful Death" Claims Are Timely Brought Within Two Years of Decedent's Death.**

ATL01/12177947v1

Rule 12(b)(6) requires this Court to dismiss the First Amended Complaint in its entirety because Plaintiff does not satisfy her burden to show that these "wrongful death" claims are timely brought.  While Alabama law permits a personal representative to bring suit "for the wrongful act, omission, or negligence" causing a decedent's death, an essential element of the action is that it must be brought within two years of death. Ala. Code § 6-5-410(a),(d).  Thus, Alabama law affirmatively requires Plaintiff to establish, in the First Amended Complaint, that she filed this wrongful death action within two years of Decedent's death. *See, Woodward Iron Co. v. Craig*, 53 So. 2d 586, 588 (Ala. 1951)(complaint in wrongful death action subject to demurrer "if it did not show that it was brought within two years" of decedent's death); *see also Glick v. Ballantine Produce, Inc.*, 343 F.2d 839, 843 (8th Cir. 1965)( it is "an essential element of the cause of action that the date of the death be pleaded" where wrongful death statute includes time limitation).

Here, the face of the First Amended Complaint does not show that this action was brought within two years of Decedent's death.  Because Plaintiff neither indicates the date of Decedent's passing nor alleges that Decedent died less than two years prior to Plaintiff filing her lawsuit, Plaintiff fails to satisfy a clear pre-requisite for stating a valid wrongful death claim. *Woodward Iron Co.,* 53 So. 2d at 588. Consequently, each individual cause of action fails to state a claim upon which relief can be granted.   Under Rule 12(b)(6), this Court should dismiss Plaintiff's First Amended Complaint in its entirety.

## II.    This Court Should Dismiss Counts One Through Eight Because Plaintiff Cannot Assert them on Decedent's Behalf.

Even if this Court does not dismiss the First Amended Complaint in its entirety for Plaintiff's failure to show that this action was brought within two years of Decedent's death, it should dismiss Counts One through Eight because Plaintiff cannot assert them on Decedent's

5

behalf. These causes of action attempt to state claims for negligence, recklessness, negligence *per se*, intentional tort, trespass, conspiracy, products liability, and failure to warn. Under Alabama law, however, a wrongful death claim is the <u>*only*</u> cause of action available to a personal representative when the decedent dies prior to initiating litigation. Counts 1 through 8 should be dismissed for failure to state a claim upon which relief can be granted.

Ala. Code § 6-5-462 governs survival of claims, providing that only "claims upon which an action has been filed . . . survive in favor of and against personal representatives." *Id.* (emphasis added). Thus, a personal representative can only pursue a decedent's original tort claims if the decedent filed suit prior to death. *See, e.g., King v. Nat'l Spa & Pool Inst.*, 607 So. 2d 1241, 1246 (Ala. 1992). In contrast, "a deceased's unfiled tort claims do not survive the death of the putative plaintiff." *Bassie v. Obstetrics & Gynecology Assoc.*, 828 So. 2d 280, 282 (Ala. 2002). *See also Brooks v. Hill*, 717 So. 2d 759, 763 (Ala. 1998); *Brewer v. Davis*, 593 So. 2d 67, 68 (Ala. 1991).

Here, Decedent died before Plaintiff initiated this lawsuit. FAC, ¶ 5. Accordingly, Alabama's Wrongful Death Act, Ala. Code § 6-5-410, provides Plaintiff's "sole remedy" for torts allegedly causing Decedent's death. *King*, 607 So. 2d at 1248. Because Alabama law prevents Plaintiff from asserting Counts One through Eight in this wrongful death case, each of these causes of action fails to state a claim upon which relief can be granted and should be dismissed.

III.    **Counts One, Three, Six, Seven, Eight, and Nine Are Barred by the Applicable Statute of Limitations and Must Be Dismissed.**

Under Alabama law, the Statute of Limitation applicable to Counts One (negligence), Three (negligence *per se*), Six (conspiracy), Seven (products liability), Eight (failure to warn), and Nine ("spoliation") is two-years. Ala. Code § 6-2-38(l). It is well-settled that a statute of

6

limitations begins to run from the time the cause of action accrues. *Garrett v. Raytheon Co.*, 368 So. 2d 516, 518-19 (Ala. 1979). In cases involving allegations that hazardous substances causes latent injuries, the Alabama Supreme Court has repeatedly held that the statute of limitations begins to run at the date of Plaintiff's last exposure. *Id.* at 520-21; *see also Becton v. Rhone-Poulenc, Inc.*, 706 So. 2d 1134, 1135-36 (Ala. 1997); *Johnson v. Garlock, Inc.*, 682 So. 2d 25, 26, 28 (Ala. 1996); *Hillis v. Rentokil, Inc.*, 596 So. 2d 888, 889-90 (Ala. 1992).[3]

As noted above, Facility operations ceased no later than 1999. *See* Ex. A. Thus, giving Plaintiff every benefit of the doubt, the last possible date that Decedent could bring a personal injury claim relating to Facility emissions was 2001. Ala. Code § 6-2-38(l); *Garrett*, 368 So. 2d at 518-19. If Decedent died after that date, Decedent's claims were barred at the time of death and the instant action is untimely. Ala. Code § 6-2-38(a); *Hall v. Chi*, 782 So. 2d 218, 221 (Ala. 2000)(quoting *Curtis v. Quality Floors, Inc.* (Ala. 1995)). Again giving Plaintiff every benefit of the doubt and assuming that Decedent died in 2001, Alabama's

---

[3] Even apart from these personal exposures, property damage allegedly caused by Facility emissions constituted a legal injury and thus started the limitations period on Plaintiff's claims against Louisiana-Pacific no later than 1999. In *Spain v. Brown & Williamson Tobacco Corp.*, 872 So. 2d 101 (Ala. 2003), the plaintiff brought a wrongful death claim on behalf of a decedent that started smoking cigarettes in 1962, was diagnosed with lung cancer in 1998, and died sometime between 1998 and 1999. *Id.* at 105 & n.1. The Alabama Supreme Court applied *Garrett*'s "first injury" rule to bar the plaintiff's claims, holding that "the economic loss attributable to supporting an addiction is the first injury a smoker addicted to cigarettes sustains. . . That other damages might follow, including, but not limited to, injury to the person. . . should not defeat the commencement of the running of the applicable statutory limitations period." *Id.* at 114. Thus, an economic injury triggers the limitations period for all claims, including personal injuries, "regardless of whether a plaintiff frames the complaint to seek damages for that economic loss." *Id.*

Here, Plaintiff claims that "toxic chemicals emitted by Defendants were persistent when deposited in Plaintiff's home and environment." FAC, ¶ 85. Taking this allegation as true for purposes of this motion, any resulting property damage was immediate and actionable at the time emissions occurred, even if Plaintiff does not now assert economic damages.

7

wrongful death statute could, at most, theoretically extend the time period for Plaintiff to bring Decedent's claims until 2003.[4] *Hall*, 782 So. 2d at 221.

In this case, Plaintiff did not file suit in this matter until January 30, 2006. Accordingly, the limitations period applicable to Counts One, Three, Six, Seven, Eight, and Nine had long since expired.  Under Rule 12(b)(6), this Court should dismiss these time-barred causes of action for failure to state a claim upon which relief can be granted.[5]

## IV.    Count Three ("Negligence *Per Se*") Fails to State a Claim Upon Which Relief Can be Granted.

Pursuant to Rule 12(b)(6), this Court should dismiss Count Three because Plaintiff's bare-bones allegations fail to state a negligence *per se* claim upon which relief can be granted. Under Alabama law, "not every violation of a statute or an ordinance is negligence per se." *Parker Bldg. Servs. Co. v. Lightsey*, 2005 WL 1415413 at *3 (Ala. 2005).  To establish negligence *per se*, plaintiff must prove:

> "(1) that the statute the defendant is charged with violating was enacted to protect a class of persons to which the plaintiff belonged; (2) that the plaintiff's injury was the kind of injury contemplated by the statute; (3) that the defendant violated the statute; and (4) that the defendant's violation of the statute proximately caused the plaintiff's injury."

*Dickinson v. Land Developers Constr. Co.*, 882 So. 2d 291, 302 (Ala. 2003).

---

[4] Plaintiff attempts to avoid applicable statutes of limitation by alleging a tolling agreement between the parties.  Although the parties agreed to toll otherwise applicable statutes of limitation for certain individuals from December 16, 2004 to January 27, 2006, that agreement has no bearing on the instant motion.

[5] Plaintiff may argue that the "federally required commencement date" in 42 U.S.C. § 9658(a)(1) somehow tolled the applicable statutes of limitation.  However, "[m]ost federal courts have limited the application of § 9658(a)(1) to situations where an underlying CERCLA claim has been made or could exist based on the presence of hazardous waste – where there is an underlying claim dealing with, or cause of action providing for, cleanup or remedial activities." *Becton v. Rhone-Poulenc, Inc.*, 706 So. 2d 1134, 1137 (Ala. 1997)(citations omitted).  In this wrongful death action, Plaintiff does not assert a CERCLA claim or any claims remotely dealing with cleanup or remedial activities.

The first element is crucial. The Alabama Supreme Court has expressly held that Plaintiffs cannot recover on negligence *per se* claims unless the allegedly-violated statute was enacted to protect a specific class of persons, "distinguished from the general public." *Parker Bldg. Servs.,* 2005 WL 1415413, at *3. Where a statute's purpose is to protect the general public, Plaintiff cannot rely on it to establish her claim. *Id.*

Here, Plaintiff simply alleges that Defendants' failure to report unspecified violations of unidentified environmental laws and regulations constituted negligence *per se.* FAC, ¶ 106. Even taking these allegations as true, Plaintiff does not state a *prima facie* claim. Setting aside Plaintiff's complete failure to identify a single law or regulation that Louisiana-Pacific allegedly violated, Plaintiff does not assert that the violated statutes and/or regulations were enacted to protect a specific "class of persons to which [Decedent] belonged." *Dickinson*, 882 So. 2d at 302. Plaintiff thus leaves Louisiana-Pacific, and this Court, to guess at the laws or regulations allegedly violated, the class of persons that these laws purportedly protect, or whether Decedent belonged to that protected class.[6]    Count Three thus fails to state a cognizable claim for relief and must be dismissed.

---

[6] Although the vagueness of Plaintiff's allegations forces Louisiana-Pacific (and this Court) to speculate about which laws and regulations were allegedly violated, it should be noted that Plaintiff cannot state a valid negligence *per se* claim based on alleged violations of Alabama environmental law. The Air Pollution Control Act, for example, was enacted "to achieve and maintain such levels of air quality as will protect human health and safety [and] foster the comfort and convenience of the people," as well as to ensure that "all values may be balanced in the public interest." Ala. Code § 22-28-3(a) & (c). Similarly, the Water Pollution Control Act was enacted to address "pollution of the waters of this state [which] constitutes a menace to public health and welfare." Ala. Code § 22-22-2. Likewise, the legislature enacted Alabama's Hazardous Wastes Management and Minimization because "it is in the public interest . . . to provide for the safe management of hazardous wastes." Ala. Code § 22-30-2. As these environmental laws were enacted to protect the general public, they cannot form the basis of a negligence per se claim. *Parker Bldg. Servs. Co.*, 2005 WL 141513, at *3; *Thomas Learning Center, Inc. v. McGuirk*, 766 So. 2d 166, 170-72 (Ala. Civ. App. 1998). Not only is it unclear what laws Plaintiff claims were violated, it is also unclear what laws Plaintiff could possibly cite in support of a negligence *per se* claim in this case.

9

**V.    In the Alternative, this Court Should Order Plaintiff to Provide a More Definite Statement of her "Negligence *Per Se*" Claim.**

Even if Count Three is not dismissed, Rule 12(e) nonetheless entitles Louisiana-Pacific to a more definite statement of the violations purportedly giving rise to Plaintiff's negligence *per se* claim. *See*, *e.g.*, *Kveragas v. Scottish Inns, Inc.*, 96 F.R.D. 425, 426 (E.D. Tenn. 1983)("Defendants are entitled to know what statute they supposedly violated."). Although Count Three asserts negligence *per se* based on "a violation of the laws and regulations of the State of Alabama," Plaintiff does not identify a single specific law or regulation that Louisiana-Pacific allegedly violated.  Moreover, the First Amended Complaint does not allege (i) when these violations occurred; (ii) how the violations occurred; or (iii) how these violations proximately caused Decedent's death.

Consequently, Count Three does not reasonably permit Louisiana-Pacific to ascertain the "laws and regulations" at issue or frame a responsive pleading.  This Court should require Plaintiff to provide a more definite statement of her negligence *per se* claim, including reasonable identification of the laws and regulations that Plaintiff contends were violated, the times and manners in which these alleged reporting violations occurred, and how the violations are causally related to Decedent's death.

**VI.    This Court Should Dismiss Count Five ("Trespass") Because it Fails to State a Claim Upon Which Relief Can be Granted.**

Rule 12(b)(6) requires dismissal of Count Five for failure to state a claim upon which relief can be granted because Alabama does not recognize a cause of action for "toxic trespass."  Count Five asserts that Louisiana-Pacific "caused or allowed hazardous toxic waste

to touch and come in contact with the person and property of the [Decedent]."[7] FAC, ¶ 116. According to Plaintiff, this contact "violat[ed] [Decedent's] right to be free from touching and contamination." FAC, ¶ 118.  Plaintiff claims that Decedent "suffered injuries and damages" as a result of this alleged trespass, even though the First Amended Complaint is cast as a wrongful death claim.

Under Alabama law, however, these allegations fail to state a valid cause of action.  At its heart, Count Five asserts that Defendants' chemical emissions impermissibly "touched" and "came in contact with" Decedent. FAC, ¶¶ 116, 118.  In other words, Plaintiff attempts to state a battery claim for personal injury or "touching" under the guise of a "toxic trespass" theory. *See City of Prichard v. Box*, 396 So. 2d 58, 60 (Ala. 1981)(assault and battery are trespass to person); Ala. Code § 6-2-34 (trespass to person includes assault and battery).

Although Alabama recognizes "trespass to the person" (or civil battery) as a cause of action, neither the courts nor the Alabama legislature have endorsed a "toxic trespass" cause of action like Plaintiff asserts.  Moreover, this Court should refuse to permit recovery under a novel theory not previously recognized under Alabama law. *See, e.g., Cargill, Inc. v. Offshore Logistics, Inc.*, 615 F.2d 212, 215 (5th Cir. 1980)(it is up to state high court, and not federal court, to change state law).  Because it fails to state a recognized cause of action under Alabama law, Court Five should be dismissed.

VII.    **This Court Should Dismiss Count Six ("Conspiracy") Because it Fails to State a Claim Upon Which Relief Can be Granted.**

Rule 12(b)(6) also requires this Court to dismiss Count Six.  Under Alabama law, a "civil conspiracy requires a combination of two or more individuals to accomplish an

---

[7] Read literally, paragraphs 122 and 124 assert that chemicals came into contact with Plaintiff rather than the Decedent.  Louisiana-Pacific presumes this to be a drafting error.

unlawful purpose or to accomplish a lawful end by unlawful means." *McLemore v. Ford Motor Co.*, 628 So. 2d 548, 550 (Ala. 1993). This means that a *prima facie* conspiracy claim requires (i) an affirmative agreement or "meeting of the minds" between the alleged conspirators; and (ii) a valid underlying tort. *First Bank of Childersburg v. Florey*, 676 So. 2d 324, 327 (Ala. Civ. App. 1996).

Rather than pleading the essential elements of a conspiracy claim, however, Plaintiff attempts to state claim based solely on conclusory statements and innuendo. Count Six asserts only that Defendants conspired to violate unspecified "rules, regulations and laws of the State of Alabama." FAC, ¶ 120. These vague and conclusory allegations of conspiracy do not meet the minimum requirements for stating a *prima facie* conspiracy claim under either Alabama law or the Federal Rules of Civil Procedure.

### A.    Count Six Fails to State a Claim Because Plaintiff Alleges No Agreement to Conspire.

First, Plaintiff cannot establish a *prima facie* conspiracy claim against Louisiana-Pacific absent an alleged agreement between Louisiana-Pacific and another party to commit an underlying tort. *Florey*, 676 So. 2d at 327. Under Alabama law, "[i]t is not enough to simply aver in the complaint that a conspiracy existed." *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984); *Matthews v. Brookstone Stores, Inc.*, No. 05-0369, 2005 WL 3058158, at *2-3 (S.D. Ala. 2005). Instead, Plaintiff must identify an affirmative agreement to conspire. *Florey*, 676 So. 2d at 327.

Plaintiff fails to do so. Although the First Amended Complaint alleges that Defendants were successive owners of the Facility, it does not identify a single agreement between Defendants relating to operational issues, much less a concrete "combination" by Defendants to accomplish an illegal purpose. Viewing Plaintiff's allegations as liberally as

possible, Plaintiff *at most* alleges that (i) Pactiv owned and operated the Facility prior to Louisiana-Pacific; and (ii) that the Defendants operated the Facility "with the same local management [and] in the same manner." FAC ¶¶ 10, 40-41. These allegations do nothing more than describe the vast majority of transactions involving the sale of business assets.

In short, Plaintiff claims that a conspiracy occurred because Pactiv and Louisiana-Pacific both owned the Facility. Alabama law requires more. Because Plaintiff fails to plead the affirmative agreement required for liability in even in the vaguest of terms, Rule 12(b)(6) requires dismissal of Count Six.

### B.    Count Six Fails to State a Claim Because Plaintiff Fails to Plead a Valid Tort Underlying the Alleged Conspiracy.

Not only does Plaintiff fail to allege the requisite elements of a conspiracy claim, she fails to plead a valid tort claim underlying the alleged conspiracy. As noted above, conspiracy claims fail as a matter of law if the underlying tort(s) fail. *Pescia v. Auburn Ford-Lincoln Mercury Inc.*, 68 F. Supp. 2d 1269, 1281 (M.D. Ala. 1999), *aff'd*, 31 Fed. App'x 202 (11th Cir. 2001); *Swanson v. Civil Air Patrol*, 37 F. Supp. 2d 1312, 1334 (M.D. Ala. 1998). Indeed, "[l]iability for civil conspiracy rests upon the existence of an underlying wrong, and if the action alleged to constitute the underlying wrong provides no cause of action, then neither does the conspiracy itself." *Barber v. Business Prods. Ctr. Inc.*, 677 So. 2d 223, 228 (Ala. 1996).

Here, Count Six is based on Louisiana-Pacific's alleged conspiracy with Pactiv "to violate the rules, regulations and laws of the State of Alabama and the United States of America." FAC, 126. As with Plaintiff's negligence *per se* claim, however, Plaintiff utterly fails to identify the rules, regulations, and laws that Defendants allegedly violated or conspired to violate. Because generic allegations that Louisiana-Pacific violated the law do

13

not satisfy notice pleading requirements, Plaintiff fails to plead a tort underlying the conspiracy claim. *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984); *Matthews v. Brookstone Stores, Inc.*, No. 05-0369, 2005 WL 3058158, at *2-3 (S.D. Ala. 2005). Count Six therefore fails as a matter of law and must be dismissed.

## VIII.  In the Alternative, This Court Should Order Plaintiff to Provide a More Definite Statement of Her Conspiracy Claim.

Alternatively, if this Court does not dismiss Count Six, it should order Plaintiff to provide a more definite statement of her conspiracy claim under Rule 12(e). Put simply, Count Six fails to provide any details whatsoever regarding the alleged conspiracy. Not only is the First Amended Complaint impermissibly vague as to which Alabama laws and regulations Defendants allegedly conspired to violate, but Plaintiff wholly fails to describe the allegedly fraudulent acts underlying the conspiracy claim. Without a plain statement of the circumstances surrounding Plaintiff's alleged conspiracy, Louisiana-Pacific cannot reasonably be required to frame a responsive pleading.

## IX.  This Court Should Dismiss Count Seven ("Product Liability") Because it Fails to State a Claim Upon Which Relief Can Be Granted.

Pursuant to Rule 12(b)(6), this Court should dismiss Count Seven for failure state a valid claim under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"). The AEMLD is a judicially-created doctrine of strict liability for defective products based on Section 402A of the Restatement of Torts (Second). *See Casrell v. Altec Indus., Inc.*, 335 So. 2d 128, 132-33 (Ala. 1976); *Atkins v. Am. Motors Corp.*, 335 So. 2d 134, 140-41 (Ala. 1976). To establish liability under the AEMLD, Plaintiff must show that (i) an injury was caused by one who sold a product in a defective condition that made the product unreasonably

14

dangerous to the plaintiff as the ultimate user or consumer; (ii) the seller was engaged in the business of selling such a product; and (iii) the product was expected to, and did, reach the user without substantial change in the condition in which it was sold. *See Casrell*, 335 So. 2d at 132-33; *Atkins* at 335 So. 2d 140-41.

In this case, Plaintiff claims that Louisiana-Pacific manufactured chemically-treated wood products and sold the remaining scrap wood to residents of Lockhart and Florala, Alabama for use as firewood. FAC, ¶¶ 79, 126-130. According to Plaintiff, chemicals made the firewood "defective and unreasonably dangerous when burned." FAC, ¶ 130. Count Seven is fatally defective, however, because it fails to allege the essential elements of AEMLD liability.

### A.    Plaintiff Fails to Allege that Decedent Used or Consumed a Defective Product.

As noted above, the AEMLD imposes liability on parties who sell a defective product that is "unreasonably dangerous to the plaintiff as the ultimate user or consumer." *Casrell*, 335 So. 2d at 132; *Atkins*, 335 So. 2d at 141; *see also Rudd v. Gen. Motors Corp.*, 127 F. Supp. 2d 1330, 1333 (M.D. Ala. 2001). As the Alabama Supreme Court has noted, AEMLD liability attaches only because a defendant "has exposed expected users of a product not reasonably safe to unreasonable risks." *Atkins*, 335 So. 2d at 141. Thus, Plaintiff cannot state a valid AEMLD claim unless Decedent was "the ultimate user or consumer" of the firewood. *Casrell*, 335 So. 2d at 131.

In this case, Plaintiff does not allege that <u>*Decedent*</u> actually used or consumed any chemically-treated firewood sold by Louisiana-Pacific as scrap. FAC, ¶¶ 126-31. Nor does Plaintiff allege that Decedent indirectly or "passively" burned or used any allegedly contaminated firewood. *Id.*; *see Atkins*, 335 So. 2d at 148-49 (endorsing Restatement

15

(Second) of Torts § 402(A), cmt. l).  Instead, Plaintiff asserts an AEMLD cause of action based solely on the allegation that the general public burned chemically-treated scrap wood sold by Louisiana-Pacific. FAC, ¶ 128.

Count Seven thus fails as a matter of law.  Because Plaintiff does not allege that _Decedent_ burned, used, consumed, or otherwise had a tangible connection to a defective product, Plaintiff cannot state a claim under the AEMLD.  Rule 12(b)(6) therefore requires this Court to dismiss Count Seven.

**B.     Plaintiff Fails To Allege That Louisiana-Pacific Was "In The Business" Of Selling Firewood.**

Likewise, Plaintiff fails to allege that Louisiana-Pacific was "in the business of" selling firewood.  Alabama law clearly establishes that the AEMLD only applies if "the seller was engaged in the business of selling" the allegedly defective product.  *Casrell*, 335 So.2d at 132-33; *Atkins* at 335 So.2d 140-41.  "That requirement excludes isolated or occasional sellers."  *Baugh v. Bradford*, 529 So. 2d 996, 999 (Ala. 1988).  Occasional sellers simply do not fall within the ambit of the AEMLD.  *McGraw v. Furon Co.*, 812 So. 2d 273, 275-76 (Ala. 2001).

Here, Plaintiff seemingly attempts to side-step this element of a viable AEMLD claim by alleging that Louisiana-Pacific's wood treatment Facility "was engaged in the manufacture and sale and placement of wood and wood products." FAC, ¶ 129. Plaintiff does not allege, however, that Louisiana-Pacific was "in the business" of selling _firewood_, the specific product allegedly causing Decedent's injuries.  Indeed, Louisiana-Pacific allegedly sold the firewood as scrap material or co-product, not as a product manufactured as primary part of Louisiana-Pacific's regular business. FAC, ¶¶ 79, 126-130.  Because the occasional sale of a discarded item does not render the seller "in the business" of selling a defective product, *McGraw*, 812

16

So. 2d at 275-76, Count Seven fails to state a viable claim under the AEMLD and should be dismissed.

**C.    Plaintiff Fails to Allege that Defective Firewood Reached End Users or Consumers Without Substantial Change in Condition, or that Louisiana-Pacific Expected it to Do So.**

Not only does Plaintiff fail to allege that Decedent actually used, consumed, or was exposed to any defective firewood and that Louisiana-Pacific was in the business of selling firewood, Plaintiff also omits two other critical elements of a *prima facie* AEMLD claim. Proof that the allegedly-defective product reached the consumer without substantial change in the condition in which it was sold is an "essential element" of a viable AEMLD claim. *See Hannah v. Gregg, Bland & Berry, Inc.*, 840 So. 2d 839 (Ala. 2002). Plaintiff must also show that a selling defendant actually *expected* the product to reach the end user or consumer without substantial change in condition. *Id.* Without both of these showings, Plaintiff cannot recover under the AEMLD. *Clarke Indus., Inc. v. Home Indem. Co.*, 591 So. 2d 458 (Ala. 1991).

Here, Count Seven does not allege that Louisiana-Pacific sold firewood that ultimately reached the Decedent, as the end user or consumer, in substantially the same condition as when it was sold. *See* FAC, ¶¶ 126-31. Nor does Plaintiff assert that Louisiana-Pacific expected the firewood to reach the user or consumer without a substantial change in condition. *Id.* Accordingly, Count Seven fails to state an AEMLD claim upon which relief can be granted and should be dismissed.

**X.    This Court Should Dismiss Count Nine Because it Fails to State a Claim Upon Which Relief Can be Granted.**

This Court should also dismiss Count Nine, captioned "Spoliation, Destruction of Evidence," for failure to state a claim. Count Nine vaguely asserts that unspecified laws

17

required Louisiana-Pacific to maintain unspecified Facility records. FAC, ¶¶ 145-46. Plaintiff alleges that these unspecified records "*may have been* subject to spoliation or destruction." FAC, ¶ 143 (emphasis added).

Conceding that the records are not needed to prove her other claims, Plaintiff nonetheless asserts that (i) spoliation is an independent civil cause of action, and (ii) this Court should shift the burden of proof to Defendants on all other causes of action in the First Amended Complaint. FAC, ¶¶ 143, 154. Both assertions are incorrect as a matter of law.

### A.    Alabama Does Not Recognize a "Spoliation" Cause of Action.

Even assuming that Plaintiff's generalized spoliation allegations are true, Count Nine fails to state a claim because Alabama does not recognize a spoliation cause of action. In *Christian v. Kenneth Chandler Constr. Co.*, 658 So. 2d 408 (Ala. 1995), the Alabama Supreme Court expressly rejected "spoliation" as an independent tort. *Id.* at 413; s*ee also Brown Electro Mech. Sys., Inc. v. Thompson Eng'g, Inc.*, 848 So. 2d 238, 240 (Ala. 2002)("this Court had never recognized spoliation of evidence as a cause of action"). Because spoliation is not a cause of action under Alabama law, Rule 12(b)(6) requires this Court to dismiss Count Nine for failure to state a claim upon which relief can be granted.

### B.    Plaintiff Concedes that the Allegedly-Spoliated Records Are Not Material to Her Claims.

Second, the plain language of Plaintiff's First Amended Complaint requires dismissal of Count Nine even if this Court concludes that Plaintiff's spoliation allegations somehow amount to a recognized cause of action. Although proof of spoliation may support an adverse inference of liability against a defendant in extraordinary circumstances, courts cannot shift the evidentiary burden of proof unless the missing documents are critical to Plaintiff's case. *Vesta Fire Ins. Corp. v. Milam & Co. Constr.*, 901 So. 2d 84, 95 (Ala. 2004). Indeed, the

missing documents must be "key evidence" of Plaintiff's claims. *Id.* (quoting *Wal-Mart Stores, Inc. v. Goodman*, 789 So. 2d 166, 176 (Ala. 2000)).

Here, Plaintiff explicitly concedes that (i) she is unsure whether spoliation actually occurred, and (ii) the possibly-destroyed records are "not necessary for adequate proof of [her] claim." FAC*, ¶ 143.*[8] If the allegedly-spoliated records are not necessary to her claims, Plaintiff can neither state a cause of action nor justify shifting the burden of proof to Defendants under Alabama law. *Vesta,* 901 So. 2d at 95. Thus, Count Nine would fail to state a claim upon which relief can be granted even if Alabama recognized a cause of action for spoliation. Rule 12(b)(6) requires this Court to dismiss Count Nine.

## XI.    In the Alternative, this Court Should Order Plaintiff to Provide a More Definite Statement of Her Spoliation Claim.

Alternatively, if this Court does not to dismiss Count Nine, Louisiana-Pacific respectfully requests an Order for a more definite statement under Rule 12(e). Claiming that unspecified "laws" required Louisiana-Pacific to maintain unidentified "written records" relating to the Facility, Plaintiff provides no indication whatsoever as to what laws she contends are at issue. FAC, ¶¶ 142-153. Nor does Plaintiff provide even basic information regarding the records that "*may* have been subject to spoliation." FAC, ¶ 143 (emphasis added). Plaintiff thus leaves Defendants to make unfounded guesses about the records at issue, what the general contents might have been, the laws or regulations requiring preservation, or when and how the alleged spoliation occurred.

Stated differently, the First Amended Complaint's vagueness and lack of detail force Louisiana-Pacific to speculate about the fundamental nature of Plaintiff's "spoliation" claim.

---

[8] Count Nine also appears to be premature given that Plaintiff admittedly does not know whether a factual basis for her spoliation claim exists.

Rule 12(e) entitles Louisiana-Pacific to basic information regarding Plaintiff's claims. Therefore, this Court should require a more definite statement of the allegations in Count Nine so that Louisiana-Pacific can reasonably respond.

XII.   **This Court Should Dismiss Count Ten ("Homicide") Because it Fails to State a Claim Upon Which Relief Can Be Granted.**

Rule 12(b)(6) requires dismissal of Count Ten because Plaintiff lacks standing to bring a criminal homicide claim under Alabama law.   In pertinent part, Count Ten alleges that Louisiana-Pacific "violated the criminal statutes of the State of Alabama." FAC, ¶ 155. Although Plaintiff's "homicide" claim does not set forth or incorporate any factual allegations to support this blatant disparagement of character, Plaintiff asserts that these criminal violations arose because Louisiana-Pacific "manifest[ed] an extreme indifference to human life" and "recklessly engaged in conduct which created a grave risk of death."   The plain language of Count Ten, while devoid of specifics, clearly describes a claim for *criminal* homicide.   *See* Ala. Code § 13A-6-2(a)(2)(person commits murder if "[u]nder circumstances manifesting extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to a person other than himself, and thereby causes the death of another person.")

Even if Plaintiff's conclusory allegations are true, however, her "homicide" cause of action fails to state a claim upon which relief can be granted because private citizens cannot enforce Alabama's criminal statutes.   *See State ex rel. Mullis v. Mathews,* 66 So. 2d 105,112 (Ala. 1953); *see also Stubblefield v. State*, 47 So. 2d 662, 663 (Ala. Ct. App. 1950).   Instead, the State, through its Attorney General and District Attorneys, is the only property party to enforce criminal laws. *See* Ala. Code § 36-15-1(2).   Thus, criminal claims can only be

20

brought "by the state in its sovereign capacity, not by private citizens as individuals." *Mullis*, 66 So. 2d at 112.

Indeed, the Alabama Supreme Court has expressly rejected claims of civil liability based solely on criminal acts. In a case directly on point, the plaintiffs in *Martinson v. Cagle*, 454 So. 2d 1383 (Ala. 1984), asserted civil liability on the theory that defendants committed criminal assault and battery by striking plaintiffs' automobile with another car. *Id.* at 1385. The trial court granted a directed verdict for defendants and the Supreme Court affirmed, holding that counts in a complaint alleging "only that the criminal acts were committed and that the [Plaintiff was] thereby injured, do not state a cause of action for which relief may be granted, even if liberally construed." *Id.*

Here, Count Ten seeks civil liability based solely on Louisiana-Pacific's alleged violation of Alabama's criminal homicide statute. FAC ¶¶ 155-61. Not only does Plaintiff lack standing to enforce Alabama criminal law, but such causes of action inherently fail to state a claim upon which relief may be granted under Alabama law. *Mullis*, 66 So. 2d at 112; *Martinson*, 454 So. 2d at 1385. Consequently, this Court should dismiss Count Ten and require Plaintiff to litigate these "intentional tort" claims under her intentional tort theory. *See* FAC, Count Four.

## XIII. This Court Should Order Plaintiff To Provide a More Definite Statement of Decedent's Alleged Chemical Exposures and Resulting Injuries.

Finally, to the extent that any claim in the First Amended Complaint is not dismissed, Louisiana-Pacific respectfully requests an Order requiring Plaintiff to provide a more definite statement of the times, places, and circumstances of Decedent's alleged chemical exposures and the resulting disease or injury. Completely independent of the arguments supporting Louisiana-Pacific's other motions, Rule 12(e) entitles Louisiana-Pacific to basic information

21

regarding Decedent's alleged exposures and injuries. Here, Plaintiff fundamentally claims that (i) a wood treatment Facility in Lockhart emitted various chemicals, and (ii) Decedent lived in the Lockhart/Florala area for an unknown period of time.

To be sure, Plaintiff alleges a litany ways that a plethora of different chemicals might have escaped from the Facility over several decades. What Plaintiff does _not_ provide, however, is any indication whatsoever as to how, when, and where _this_ particular Decedent allegedly encountered the chemicals, which chemicals he encountered, and what disease(s) occurred as a result. Louisiana-Pacific cannot ascertain – in even general terms – when Decedent supposedly lived in the area; whether Decedent allegedly encountered chemicals released by Pactiv, Louisiana-Pacific, or both; what the approximate timeframe of exposure was; whether the exposures occurred in connection with Decedent's employment or elsewhere; whether they occurred on Decedent's property or elsewhere; which chemicals Decedent allegedly encountered; what injuries or diseases Decedent suffered; or even when Decedent passed away as a result of these alleged exposures.

In other words, Plaintiff makes no effort whatsoever to give Defendants fair notice of her claims. Instead, Plaintiff presents the type of classic shot-gun pleading that is impermissible in this Circuit. *See, e.g., Morro v. City of Birmingham*, 117 F.3d 508, 515 (11th Cir. 1997). Indeed, other Courts have recognized that "general averments" are inadequate in chemical exposure cases involving multiple Defendants. *See, e.g., Parker v. Brush Wellman, Inc.*, 377 F. Supp. 2d 1290, 1295 (N.D. Ga. 2005). Instead, Plaintiffs should be required to allege the approximate dates and circumstances of exposure so that each Defendant can ascertain its alleged role in the injury asserted and whether Plaintiff's claims are even permissible under the applicable statutes of limitation. *Id.*

Because Plaintiff provides no indication as to how, when, or where the alleged exposures at the heart of this case occurred, Louisiana-Pacific cannot reasonably be required to frame a responsive pleading or even make a preliminary assessment of its alleged contribution to Decedent's injuries. In fact, Louisiana-Pacific does not even know what injuries allegedly occurred. Under Rule 12(e), this Court should therefore order Plaintiff to provide a more definite statement of (i) the circumstances surrounding Decedent's alleged exposures (including relevant dates); (ii) the injuries that supposedly resulted; and (iii) the date Decedent passed away.

## CONCLUSION

For the reasons set forth above, this Court should dismiss the First Amended Complaint in its entirety because Plaintiff does not establish that her wrongful death claims have been timely filed. Alternatively, this Court should dismiss Counts One through Eight because Plaintiff cannot assert these tort claims on Decedent's behalf in a wrongful death action.

Moreover, Counts One, Three, Six, Seven, Eight, and Nine of Plaintiff's First Amended Complaint are barred by the applicable Statute of Limitations and must be dismissed. This Court should also dismiss Counts Three, Five, Six, Seven, Nine and Ten for failure to state a claim upon which relief can be granted.

Alternatively, this Court should require Plaintiff to provide a more definite statement of her claims as to Counts Three, Six, and Nine.

Finally, this Court should order Plaintiff to provide a more definite statement of Decedent's alleged exposures, resulting injuries, and date of death.

ATL01/12177947v1

Respectfully submitted this 22nd day of March, 2006.

/s/Dennis R. Bailey
Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB No. 3422-F55R
Counsel for Defendant
Louisiana-Pacific Corporation

Of counsel:
RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL   36101-0270
Tel: (334) 206-3234 (Bailey)
Tel: (334) 206-3126 (Huffaker)
Fax: (334) 481-0031 (Bailey)
Fax:  (334) 481-0049 (Huffaker)
E-mail:  drb@rsjg.com (Bailey)
E-mail:  rah2@rsjg.com (Huffaker)

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd  day of March, 2006, I filed the foregoing via the

CM/ECF system which will send notice of said filing to the following:

W. Eason Mitchell

Gregory A. Cade

H. Thomas Wells, Jr.

John A. Earnhardt

/s/ Dennis R. Bailey
Of Counsel

24