# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| LILLIAN EDWARDS, as Administratrix of the Estate of MARVIN MAYS, deceased, ) ) ) ) | |
| Plaintiff, ) | Civil Action No. 2:06CV86-WKW |
| ) ) | |
| v. ) ) ) ) | |
| PACTIV CORPORATION and LOUISIANA-PACIFIC CORPORATION ) ) ) | |
| Defendants. ) ) | |

## DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S MOTION FOR SCHEDULING AND PLANNING CONFERENCE

Defendants Louisiana-Pacific Corporation ("Louisiana-Pacific") and Pactiv Corporation ("Pactiv") jointly oppose Plaintiff's "Motion for Scheduling and Planning Conference." Defendants state the following grounds for their opposition:

1.

Louisiana-Pacific and Pactiv both filed Motions to Dismiss on March 22, 2006. These motions seek dismissal of Plaintiffs' Complaint in whole or in part or, in the alternative, for a more definite statement of Plaintiff's claims as to each Defendant. These motions are currently pending.

2.

This Court's rulings on Defendants' motions will determine which of Plaintiff's claims, if any, will remain in this lawsuit against each Defendant. The Court's rulings

will also likely impact the scope of discovery needed. Accordingly, Plaintiff's request for a conference and report pursuant to Rule 26(f) is premature where the "nature and basis of their claims and defenses" is entirely uncertain. Fed. R. Civ. P. 26(f). *See also Ill. Cent. R.R. v. Adams,* 922 So. 2d 787, 791 (Miss. 2006) (trial court's order that defendant proceed with discovery was an abuse of discretion where plaintiffs failed to provide sufficient information about their claims in a well-pled complaint).

3.

Likewise, Plaintiff's request for a "scheduling and status conference" pursuant to Rule 16(b) is also premature when discovery has not commenced because of Defendants' pending dispositive motions. Fed. R. Civ. P. 16(b).

4.

Moreover, Plaintiffs' counsel has advised Defendants that they intend to file a number of additional cases relating to the Facility at issue. Defendants suggest that a scheduling conference would be more efficient and better informed after any such filings have been completed.

5.

In the interim, while the dispositive motions are still pending, Defendants have repeatedly agreed to discuss preservation of testimony through depositions on a case by case basis.[1] A recent letter from counsel for Louisiana-Pacific, attached as Exhibit A, reconfirms that Defendants will participate in preservation depositions and asks

---

[1] Plaintiff ambiguously asserts that "three witnesses and one Plaintiff have died." Plaintiff fails to indicate who these persons are, when they passed away, and whether the cause of death was accidental or allegedly related to the claims against Defendants in this case. Also, the reference to "Plaintiff" presumably refers to other plaintiffs in other related cases, as there is only one named Plaintiff in this case.

2

ATL01/12226431v1

Plaintiff's counsel to identify the individuals whose current health conditions necessitates preserving testimony. To date, Plaintiff has not responded to Defendants' good faith attempt to assist in the preservation of testimony in any manner.

6.

Contrary to Plaintiff's assertion, Defendants have conferred with Plaintiff about the timing for the start of discovery. Indeed, Defendants have made clear that they will agree to the prompt commencement of discovery pursuant to the Federal Rules of Civil Procedure immediately following this Court's ruling on the pending dispositive motions in the event the motions are not granted in whole. Setting a discovery schedule, however, prior to the resolution of Defendants' Motions to Dismiss is premature and speculative.

Respectfully submitted this 19th day of May, 2006.

/s/ John C. Berghoff, Jr.
John C. Berghoff, Jr. (admitted *pro hac vice*)
Mark R. Ter Molen (admitted *pro hac vice*)
Matthew C. Sostrin (admitted *pro hac vice*)

Counsel for Defendant Pactiv Corporation

OF COUNSEL:

MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 701-7711
jberghoff@mayerbrownrowe.com
mtermolen@mayerbrownrowe.com
msostrin@mayerbrownrowe.com

ATL01/12226431v1

ADDITIONAL COUNSEL:

H. Thomas Wells, Jr.
John A. Earnhardt
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
Tel:  (205) 254-1000
Fax: (205) 254-1999
twells@maynardcooper.com
jearnhardt@maynardcooper.com

/s/ Dennis R. Bailey
Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB NO. 3422-F55R

Counsel for Defendant Louisiana-Pacific
  Corporation

OF COUNSEL:

RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101
Tel:  (334) 206-3100
Fax:  (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May, 2006, I filed the foregoing via the CM/ECF system which will send notice of said filing to the following:

W. Eason Mitchell

Gregory A. Cade

Fred R. DeLeon

W. Lee Gresham, III

H. Thomas Wells, Jr.

John A. Earnhardt

E. Bryan Nichols

      /s/ Dennis R. Bailey
      Of Counsel

ATL01/12226431v1