IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LILLIAN EDWARDS, as Administratrix of the Estate of MARVIN MAYS, deceased,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>PACTIV CORPORATION and LOUISIANA- )<br>PACIFIC CORPORATION,  )<br>)<br>Defendants.  )<br>_____)  | Civil Action No.<br>2:06-CV-86-WKW |

**DEFENDANTS' JOINT COMMENTS REGARDING CASE CONSOLIDATION**

Consistent with the Court's direction at the May 23, 2006 hearing in this and related cases, Defendants Pactiv Corporation ("Pactiv") and Louisiana-Pacific Corporation ("Louisiana-Pacific") jointly submit the following comments regarding the consolidation of cases for discovery purposes.

**I.    The Scope of Necessary Discovery Will Likely Depend on Outcome of Defendants' Motions to Dismiss/For More Definite Statement.**

Plaintiffs' asserted theories of recovery are diverse and far-ranging. Defendants believe that the scope of discovery needed in these cases, in whatever format the Court deems appropriate, will depend on the final resolution of various legal issues raised in Defendants' motions to dismiss/for more definite statement. Accordingly, Defendants request that discovery in any form not commence until those legal issues are addressed.

## II. Consolidation for Discovery Purposes.

### A. Any Consolidation of Discovery Should Permit Full Discovery of Each Plaintiff's Claims.

Defendants request that any consolidated discovery format in these cases be broad enough to permit full discovery of each Plaintiff's claims. A considerable amount of time has already passed since the occurrence of the events or circumstances allegedly giving rise to the Plaintiffs' cause of actions. Accordingly, to mitigate the impact this passage of time may have on the freshness of witnesses' memories and the availability of documents and other information, Defendants request to be allowed to proceed with discovery on all Plaintiffs in an orderly fashion as their cases are filed. Defendants further request that, unless there is prior agreement of all parties, the Court refrain from granting any request by Plaintiffs' counsel that discovery be stayed for one group of Plaintiffs while it proceeds for another group.

### B. Defendants Request Reasonable Time to Obtain Complete Medical Records.

During 2005, counsel for the parties engaged in a lengthy and confidential pre-litigation process. As part of that process, Plaintiffs' counsel provided Defendants with medical record releases for 103 individuals. These individuals included many, <u>but not all</u>, of the 18 named Plaintiffs in the currently pending suits. Defendants sent requests for medical records to approximately 600 medical providers identified by these 103 individuals and provided copies of all obtained records to Plaintiffs' counsel at no charge.

Although many medical providers provided medical records in response to Defendants' requests, others did not. Because this process preceded litigation, Defendants could not serve subpoenas or other papers requiring record production.

Additionally, Defendants sent requests only to those medical providers either identified by Plaintiffs or otherwise identifiable based on records from other providers. It is therefore highly likely that additional, previously unidentified medical providers exist.

Consequently, the medical records obtained to date (if any) for each Plaintiff are incomplete. Defendants request that any consolidated discovery proceedings permit reasonable time needed for Defendants to finish the collection and review of each Plaintiff's medical records before that Plaintiff is deposed.

### C. Plaintiffs Should Provide More Definite Statements of Their Individual Claims Prior to Consolidation for Purposes of Discovery.

Defendants note that the medical records obtained to date describe an extremely wide range of medical conditions, diseases, or illnesses. It is impossible to tell from these records, however, which of these medical conditions Plaintiffs claim are associated with exposure to one or more chemicals allegedly originating from the Lockhart facility. As described in Defendants' prior briefing in support of their motions to dismiss (or for more definite statements), Plaintiffs' Complaints likewise fail to provide any information regarding the alleged injuries or diseases for which Plaintiffs seek relief.

Regardless of whether these cases are consolidated for discovery purposes or proceed on an individual basis, the scope of discovery regarding causation issues and damages in each case will be significantly impacted by what precisely each Plaintiff is claiming in the litigation. In the interest of efficiency, and before the cases are consolidated for discovery, Defendants ask that this Court require each Plaintiff to identify the specific disease(s) or injury(ies) at issue in their respective case and the chemical(s) that each Plaintiff alleges is causally related to those diseases and injuries.

3

Respectfully submitted this 26th day of May, 2006.

/s/ H. Thomas Wells, Jr.
H. Thomas Wells, Jr.
Alabama Bar No. WEL004
John A. Earnhardt
Alabama Bar No. EAR006

Counsel for Defendant Pactiv Corporation

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
Tel:  (205) 254-1000
Fax: (205) 254-1999
twells@maynardcooper.com
jearnhardt@maynardcooper.com

ADDITIONAL COUNSEL:

John C. Berghoff, Jr. (admitted *pro hac vice*)
Mark R. Ter Molen (admitted *pro hac vice*)
Matthew C. Sostrin (admitted *pro hac vice*)
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 701-7711
jberghoff@mayerbrownrowe.com
mtermolen@mayerbrownrowe.com
msostrin@mayerbrownrowe.com

ATL01/12226431v1

/s/ Bernard S. Taylor
Bernard S. Taylor (admitted *pro hac vice*)
Douglas S. Arnold (admitted *pro hac vice*)
Orlyn O. Lockard, III (admitted *pro hac vice*)

Counsel for Defendant Louisiana-Pacific Corporation

OF COUNSEL:

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
doug.arnold@alston.com
skip.lockard@alston.com

ADDITIONAL COUNSEL:

Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB NO. 3422-F55R
RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101
Tel:  (334) 206-3100
Fax:  (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)


Laura Proctor
ASB 1504-R54L
Associate General Counsel
Louisiana-Pacific Corporation
414 Union Street North, Suite 2000
Nashville, Tennessee  37219
Tel: (615) 986-5878
Fax: 1-866-741-5091
laura.proctor@lpcorp.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of May, 2006, I filed the foregoing via the CM/ECF system which will send notice of said filing to the following:

W. Eason Mitchell

Gregory A. Cade

Fred R. DeLeon

W. Lee Gresham, III

Dennis R. Bailey

R. Austin Huffaker

H. Thomas Wells, Jr.

John A. Earnhardt

John C. Berghoff, Jr.

Mark R. TerMolen

Matthew C. Sostrin

/s/ Orlyn O. Lockard, III
Of Counsel

ATL01/12226431v1